UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALEXANDER FARNSWORTH

                PLAINTIFF

       - Against -

CITY OF GENEVA, CITY OF GENVA POLICE
DEPARTMENT, CITY OF GENEVA CHIEF OF POLICE
MICHAEL J. PASSALACQUA, POLICE OFFICER JACK
MONTESANTO, POLICE OFFICER RYAN CAMACHO,
POLICE OFFICER RICHARD BASKIN, SGT.
WILLIAM BELOWICZ,

                DEFENDANTS

-----------------------------------------------------------------X

COMPLAINT
XXXXXXX

JURY TRIAL
DEMANDED

      Plaintiff, Alexander Farnsworth, by his attorney, Lewis G. Spicer, Esq., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Fourth and Fourteenth Amendments to the Constitution of the United States, and the New York State Constitution.

2. The claim arises from an incident occurring on or about June 23, 2019, in which officers, captains, and other employees of the defendants, City of Geneva and Geneva Police Department acting under the color of state law subjected plaintiff to, among

other things: excessive force, negligence, gross negligence and deliberate indifference to medical needs.

## JURISDICTION & VENUE

3. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

5. The amount in controversy exceeds $75,000.00 excluding interest and cost.

6. Venue is properly laid in the Western District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

7. Plaintiff timely filed a notice of claim within 90 days of the incident, on or about September 16, 2019 and, by virtue of Governor Andrew M. Cuomo's Executive Order's tolling relevant statutes of limitations for causes of action arising under New York State Law, this action is timely commenced.

## JURY DEMAND

8. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9. Plaintiff Alexander Farnsworth is a citizen of the United States and at all relevant times hereto resided in Ontario County and the State of New York. He was a person arrested by and/or in the custody of the Geneva Police Department ("GPD") at the time of the incidents.

10. The City of Geneva is a municipal corporation organized under the law of the State of New York.

11. GPD is the police department for the City of Geneva.

12. At all times relevant hereto, Michael J. Passalacqua ("Passalacqua") was the Chief of Police for GPD, and, as such, was a policy maker with respect to training, supervision, and discipline of GPD officers, including the other individual defendants.

13. Upon information and belief, Passalacqua, as GPD Police Chief, was responsible for the policy, practice, supervision, implementation, and conduct of all GPD matters and was responsible for the appointment, training supervision, and conduct of all GPD personnel, including the defendants referenced herein.

14. As Police Chief, Passalacqua is also responsible for the care, custody, and control of all detained suspects and/or arrestees detained by and/or arrested by and/or in the custody of GPD.

15. Defendant Passalacqua is sued in his official capacity.

16. Upon information and belief, Defendants Camacho, Montesanto, Baskin, Belowicz are officers, and/or sergeants of GPD, and are sued in their individual capacities.

17. At all times hereinafter mentioned the defendants were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the City of Geneva, County of Ontario, State of New York

## JOINT LIABILITY

18. The action falls within one or more of the exceptions set forth in C.P.L.R. § 1602.

## FACTS

19. At the time of the events complained of, plaintiff was a resident of the City of Geneva, County of Ontario, State of New York.

20. On or about June 23, 2019, plaintiff was lawfully upon a sidewalk located on Gates Street in the City of Geneva.

21. At this time, Plaintiff was approached by Officers Montesanto, Camacho, Baskins and Police Sgt. Belowicz.

22. Upon information and belief, Sgt. Belowicz was the highest-ranking uniformed officer present.

23. Upon information and belief, the defendants had no probable cause and/or legal basis to approach and/or make an arrest of Mr. Farnsworth.

24. Officer Montesanto, while using unnecessary physical force, caused Mr. Farnsworth to be thrown to the ground and then dragged on the ground to a GPD patrol vehicle.

25. Mr. Farnsworth was then detained and placed into the rear of a GPD patrol vehicle.

26. Mr. Farnsworth was also placed in handcuffs that were extremely tight thereby causing injury to his wrists.

27. Mr. Farnsworth was transported by the above-named individual defendants to the GPD police station.

28. Upon arrival at the GPD Police station, Mr. Farnsworth inquired of defendants Camacho and Baskin as to why he was under arrest.

29. Within a matter of moments, Officers Camacho and Baskin aggressively started to pull Mr. Farnsworth from the rear seat of the GPD patrol vehicle.

30. Mr. Farnsworth advised that his foot was stuck in a barrier underneath the right front seat of the patrol vehicle.

31. Officers Camacho and Baskin ignored Mr. Farnsworth's pleas and aggressively removed him from the GPD patrol vehicle while his foot and/or feet were still stuck underneath the barrier.

32. This action caused Mr. Farnsworth's left leg to twist and bend in an unnatural manner.

33. Mr. Farnsworth made known to Officers Camacho and Baskin that his foot was stuck, and he was experiencing severe pain as they forcefully removed him from the vehicle.

34. After being removed from the patrol vehicle and while at the GPD police station, and in the custody of GPD, Mr. Farnsworth complained to Officers Camacho and Baskin that he was in severe pain.

35. Mr. Farnsworth was detained at GPD station for approximately 45 minutes before the defendants took any corrective action.

36. He was brought by ambulance to Geneva General Hospital.

37. After a brief time at the hospital, Mr. Farnsworth was transported to the Ontario County Jail ("OCJ").

38. Mr. Farnsworth was at OCJ for several days.

39. At some point while at OCJ, Mr. Farnsworth's left leg became numb and turned black and blue.  He also could not walk or put any weight on the leg. This was the same leg that was twisted and bent by defendants Camacho and Baskin.

40. From the OCJ, he was taken to Thompson Hospital, where he was then transported to Strong Memorial Hospital in Rochester, New York.

41. Mr. Farnsworth also sustained a severe blood clot to his left leg.

42. As a result of the defendants actions, Mr. Farnsworth injuries include but are not limited to: severe pain, spasms, blood clots, numbness, and long lasting and/or permanent restricted and/or substantially diminished use of his left leg. Plaintiff also has sustained injuries to his back and spine.

43. The aforementioned injuries were directly and proximately caused by Plaintiff's leg being twisted while his foot was stuck under the barrier to the front passenger seat of the GPD patrol vehicle.

44. Upon information and belief, Sgt. Belowicz was present for some or all of the above unlawful acts by defendants Montesanto, Camacho and Baskin yet took no action to intervene.

45. Upon information and belief, the above-mentioned individual defendants have previously engaged in acts constituting excessive force, negligence, discrimination, brutality and other civil rights deprivations.

46. Upon further information and belief, these acts occurred between the years 2009 and 2019.

## FIRST CLAIM FOR RELIEF AS TO ALL DEFENDANTS
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

47. Plaintiff repeats and realleges each and every allegation set forth herein.

48. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.

49. All of the aforementioned acts deprived plaintiff of the rights privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

Amendments to the Constitution of the United States of America and are in violation of 42 U.S.C. § 1983.

50. The aforementioned individual defendants in their capacities as police officers employed by GPD carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as employees of the GPD pursuant to the customs, usages, practices, procedures, and the rules of the State of New York, County of Ontario and the GPD all under the supervision of ranking officers of said department.

52. Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

53. Plaintiff repeats and realleges each and every allegation set forth herein.

54. The conduct and actions of defendants acting under color of law and under their authority as GPD officers was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourth, and Fourteenth Amendments to the United States Constitution

55. As a result of defendant's unlawful actions, plaintiff suffered severe, long lasting and/or permanent physical injuries, as well as severe emotional distress, humiliation, and deprivation of his constitutional rights.

### THIRD CLAIM FOR RELIEF

### FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983

56. Plaintiff repeats and realleges each and every allegation set forth herein.

57. The conduct and actions of defendants acting under color of law and under their authority as GPD officers arrested and/or took plaintiff into custody without legal justification or probable cause, in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

58. Plaintiff was conscious and/or aware of his arrest and did not consent to it.

59. As a result of defendant's unlawful actions, plaintiff suffered severe, long lasting and/or permanent physical injuries, as well as severe emotional distress, humiliation, and deprivation of his constitutional rights.

### FOURTH CLAIM FOR RELIEF

### DELIBERATE INDIFFERENCE TO PHYSICAL HARM
### IN VIOLATION OF 42 USC §1983

60. Plaintiff repeats and realleges each and every allegation set forth herein.

61. Defendants have acted under color of law and deprived plaintiff of his civil, constitutional, and statutory rights to due process of law pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, and are liable under 42 U.S.C. § 1983.

62. Defendants actually knew plaintiff faced substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

63. The substantial risk of harm resulting from defendants' deliberate indifference caused plaintiff to sustain serious injuries.

64. Plaintiff was damaged by the deliberate indifference of the defendants.

## FIFTH CLAIM FOR RELIEF
## DELIBERATE INDIFFERENCE TO SAFETY/MEDICAL NEEDS IN VIOLATION OF 42 USC §1983

65. Plaintiff repeats and realleges each and every allegation set forth herein.

66. Defendants have acted under color of law and deprived plaintiff of his civil, constitutional, and statutory rights to due process of law pursuant to the Fourth, Eighth and Fourteenth Amendment of the United States Constitution, and are liable under 42 U.S.C. § 1983.

67. The individual defendants were aware of a risk to the plaintiff's safety and a need for medical care and failed to act in deliberate indifference to the plaintiff's needs.

68. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM FOR RELIEF
## *MONELL* MUNICIPAL AND SUPERVISORY LIABILITY

70. Plaintiff repeats and realleges each and every allegation set forth herein.

71. The Defendants had in place policies, procedures, or practices that did not provide a safe and/or proper care of plaintiff. This failure was not merely negligence but shows a deliberate indifference to the civil and constitutional rights of plaintiff.

72. Upon information and belief, the above individual defendants have previously engaged a pattern and practice of excessive force, police brutality and deprivation of civil rights.

73. As a result, Plaintiff has been damaged as a result of the policies, practices, and procedures of the City of Geneva, GPD and/or Chief Passalaqcua's failure to discipline, train or supervise his subordinates in this and prior similar incidents.

## SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE

74. Plaintiff repeats and realleges each and every allegation set forth herein.

75. Defendants owed Plaintiff a duty to use reasonable care to protect him from foreseeable risk of harm.

76. Plaintiff's injuries were within the class of hazards which was reasonably foreseeable.

77. Plaintiff was damaged by the negligence of the defendants.

## EIGHTH CLAIM FOR RELIEF

### NEGLIGENT HIRING AND RETENTION

78. Plaintiff repeats and realleges each and every allegation set forth herein.

79. Defendant officers had a negligent disposition and the city of Geneva, GPD and Passalacqua knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' negligent dispositions through the hiring process and retention of the employee.

80. Upon information and belief, the above-named individual officers had previous acts of excessive force, brutality, and/or negligence.

81. The City of Geneva, GPD and Passalaqcua knew or should have known that its failure to investigate defendant officers' negligent disposition would lead to plaintiff's injuries.

82. The City of Geneva and GPD and Passalaqcua were negligent in screening, hiring, training, disciplining, and retaining its employees involved in this case in that they knew or should have known of its employees' propensity to perform their responsibilities negligently.

83. As a direct and proximate result of this negligence, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM FOR RELIEF

## RESPONDEAT SUPERIOR

84. Plaintiff repeats and realleges each and every allegation set forth herein.

85. Defendants' tortious acts were undertaken within the scope of their employment by defendant GPD, and in furtherance of the defendant City of Geneva and GPD's interest As a direct and/or proximate result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of Geneva, plaintiff was damaged.

## TENTH CLAIM

## FAILURE TO INTERVENE

86. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

87. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, plaintiff respectfully request judgment against defendants as follows:

I. Compensatory damages against all defendants, jointly and severally;

II. Economic damages against all defendants; jointly and severally;

III. Damages for pain and suffering against all defendants jointly and severally;

IV. Punitive damages against the individual defendants, jointly and severally;

V. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

VI. Such other and further relief as this Court deems just and proper.


DATED:   November 4, 2020
         Syracuse, New York


_____
/s Lewis G. Spicer, Esq.
(lspicer350)
Attorney for Plaintiff
499 South Warren Street, Suite 220
Syracuse, New York 13202
T. (315) 460-6472
spicerlawoffice@gmail.com