UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

ALEXANDER FARNSWORTH,

                                            Plaintiff,              Case # 20-CV-6935-FPG

v.                                                                         DECISION & ORDER

CITY OF GENEVA, et al.,

                                            Defendants.
───────────────────────────────────────────

## INTRODUCTION

Plaintiff Alexander Farnsworth brings this civil rights action against several municipal entities and officials related to his allegedly unlawful arrest on June 23, 2019. One set of defendants—the Ontario County Sheriff's Office, Sheriff Kevin M. Henderson, and Christian M. Smith (the "County defendants")—have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 25. Plaintiff opposes the motion, ECF No. 29, and the County defendants have filed their reply. ECF No. 33. For the reasons that follow, the motion to dismiss is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual

1

allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## BACKGROUND

The following facts are from the amended complaint, unless otherwise noted. *See* ECF No. 18. On June 23, 2019, Plaintiff was walking on the sidewalk of Gates Street in Geneva, New York. Police officers with the Geneva Police Department approached Plaintiff and, without any "probable cause and/or legal basis," seized and arrested Plaintiff. Plaintiff alleges that, in the course of his arrest, the officers used unnecessary physical force against him and caused him injuries. Among other things, officers twisted and injured Plaintiff's left leg when they removed him from the patrol vehicle. *Id.* ¶¶ 39-44. After arriving at the police station, Plaintiff complained of his injuries and, after some delay, he was "brought by ambulance to Geneva General Hospital." *Id.* ¶ 46.

Plaintiff remained at the hospital for only a "brief time" before he was transported to the Ontario County Jail, where he remained for "several days." *Id.* ¶¶ 47-48. During his detention, Plaintiff raised complaints regarding "severe pain in his leg" to jail personnel, including nurses, deputies, and other security officers. *Id.* ¶ 49. Plaintiff alleges that, in response to his complaints, jail personnel "did not take necessary medical action to address [his] pain and associated medical problems" and were "deliberately indifferent to [his] medical needs." *Id.* ¶¶ 50, 51. In his amended complaint, Plaintiff identifies the jail personnel as "John Does 1-10" because their identities are "presently unknown." ECF No. 18 ¶ 26. The Court refers to these defendants as the "Doe defendants."

At some unidentified point while at the jail, Plaintiff's leg "became numb," turned "black and blue," and was unable to bear any weight. *Id.* ¶ 52. Plaintiff was taken to Thompson Hospital

and then transported to Strong Memorial Hospital in Rochester, where he learned that he had sustained a severe blood clot in his left leg. Plaintiff alleges that he continues to suffer from long-lasting, severe pain in his left leg due to the delay in treatment. *See id.* ¶ 55.

In November 2020, Plaintiff brought this action. ECF No. 1. In his amended complaint, Plaintiff raises three claims under 42 U.S.C. § 1983 against the County defendants and the Doe defendants. The first claim is titled "Deprivation of Federal Civil Rights" and alleges that they deprived Plaintiff of his rights under the "Fourth and Fourteenth Amendments." ECF No. 18 ¶ 104. The second claim is one for "deliberate indifference to safety/medical needs" under the Fourth, Eighth, and Fourteenth Amendments. The third claim is for "*Monell* Municipal and Supervisory Liability." *Id.* at 15. Plaintiff requests only damages and attorney's fees on these claims. *Id.* at 16.

## DISCUSSION

The County defendants argue that all of the claims against them should be dismissed. The Court addresses the County defendants' dispositive arguments below. They also contend that the claims against the Doe defendants should be dismissed, a matter which the Court will address last.

### I.   Claims against Ontario County Sheriff's Office

The County defendants argue, and the Court agrees, that all claims against the Ontario County Sheriff's Office are barred because it is not a suable entity. "Under New York Law, a county is a municipal corporation capable of bringing suit and being sued. A police department is a municipal arm of the municipal corporation. Because a police department does not exist separate and apart from the municipality, it is not considered its own legal entity, and cannot sue or be sued." *Jackson v. Cty. of Erie*, No. 17-CV-396, 2020 WL 5642277, at *4 (W.D.N.Y. Sept. 22, 2020) (internal quotation marks omitted). Accordingly, any claims against the Ontario County

Sheriff's Office must be dismissed.[1]  *See, e.g.*, *Haddock v. Nassau Cty. Court*, No. 21-CV-2923, 2021 WL 5920035, at *2 (E.D.N.Y. Dec. 15, 2021) (collecting cases); *Holmes v. Cty. of Montgomery*, No. 19-CV-617, 2020 WL 1188026, at *4 (N.D.N.Y. Mar. 12, 2020) (same).

## II.     Claims against Henderson and Smith

Plaintiff has sued Henderson in his official capacity as the Ontario County Sheriff and Smith in his official capacity as the chief corrections officer at the Ontario County Jail.  ECF No. 18 ¶¶ 18, 21, 23, 25.  Claims against county officials in their official capacities are treated as claims against the county itself.  *See, e.g.*, *Long v. Cty. of Orleans*, 540 F. Supp. 3d 344, 350 (W.D.N.Y. 2021) (official-capacity suit against Orleans County sheriff was "coextensive with his claims against [Orleans] County"); *LaFever v. Clarke*, 525 F. Supp. 3d 305, 338 (N.D.N.Y. 2021) (treating § 1983 claim against sheriff in his official capacity as claim against the county).  The Court must therefore assess the viability of Plaintiff's claims against Ontario County.

"To prevail on a 42 U.S.C. § 1983 claim against a municipality, a plaintiff must show that a municipal policy or custom caused the deprivation of his constitutional rights." *Plair v. City of New York*, 789 F. Supp. 2d 459, 468 (S.D.N.Y. 2011).  "A municipality may not be held liable under § 1983 on the basis of respondeat superior."  *Id.*  "A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and

---

[1] Plaintiff requests that Ontario County be substituted as the proper defendant.  ECF No. 29 at 9.  Because the Court concludes that Plaintiff has no viable claim against Ontario County, that request is denied.

others encountering those subordinates." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016).

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted). "To survive a motion to dismiss a municipal liability claim, a plaintiff must allege facts tending to support, at least circumstantially, an inference that a municipal policy or custom exists." *Id.* at 95 (internal quotation marks and ellipsis omitted); *see also Cruz v. Vill. of Spring Valley*, No. 21-CV-2073, 2022 WL 428247, at *6 (S.D.N.Y. Feb. 11, 2022) (collecting cases). Put simply, to allege "there is a policy does not make it so." *Vassallo v. City of New York*, No. 15-CV-7125, 2016 WL 6902478, at *14 (S.D.N.Y. Nov. 22, 2016).

In this case, Plaintiff merely alleges that "[t]he County Defendants had in place policies, procedures, or practices that did not provide a safe and/or proper care of plaintiff." ECF No. 18 ¶ 114. Plaintiff fails to articulate what these policies were or how they led to the absence of proper medical care during Plaintiff's detention or the deprivation of any of his constitutional rights. This sort of "general and conclusory allegation of a municipal policy or custom fails to state a facially plausible *Monell* claim." *Valdiviezo v. Boyer*, 752 F. App'x 29, 31 (2d Cir. 2018) (summary order) (internal quotation marks omitted); *see also Cruz*, 2022 WL 428247, at *6 ("Plaintiff cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." (internal quotation marks omitted)).

In his opposition memorandum, Plaintiff argues that he has sufficiently alleged an "unofficial" policy or custom, insofar as the complaint states that he complained of his leg injury

5

for "several days" to "several different staff members" while detained, but was "ignored" until his leg became "bruised and 'black and blue.'" ECF No. 29 at 12-13. That is, Plaintiff would have the Court infer from jail staff's failure to respond to his complaints that the County had a policy, custom, or practice of refusing to provide medical care to detainees. But it is well-settled that a "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Santana v. City of New York*, No. 15-CV-6715, 2018 WL 1633563, at *10 (S.D.N.Y. Mar. 29, 2018).

Accordingly, Plaintiff has not plausibly alleged the existence of a municipal policy or custom, and therefore no *Monell* claim against Ontario County is viable. *Accord Santiago v. City of Rochester*, No. 14-CV-6719, 2022 WL 856780, at *4 (W.D.N.Y. Mar. 23, 2022) (dismissing *Monell* claim premised on jail staff's failure to properly respond to plaintiff's repeated "claims of pain and discomfort," where plaintiff failed to provide supporting allegations of a "custom or policy pursuant to which those violations occurred"). All claims against Henderson and Smith must therefore be dismissed.

Because Plaintiff has neither forecasted any additional allegations he could provide to bolster his complaint, nor even requested leave to amend,[2] the Court dismisses the claims against the County defendants with prejudice. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1132 (2d Cir. 1994).

### III. Claims against the Doe Defendants

The County defendants also argue that all of the claims against the Doe defendants should be dismissed. However, the Doe defendants have not appeared in this action and are not represented by the County defendants' counsel. *See* ECF No. 24. "[D]ismissing a complaint as to

---

[2] *But see* note 1, *supra*.

a non-moving defendant is not an ordinary practice," *First Cap. Asset Mgmt., Inc. v. Brickellbush, Inc.*, 219 F. Supp. 2d 576, 580 (S.D.N.Y. 2002), and the Second Circuit has specifically cautioned against summary dismissal of "John Doe" defendants.  *See Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998).  Indeed, "[c]ourts typically refrain from dismissing suits against 'John Doe' defendants until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials." *Kearse v. Lincoln Hosp.*, No. 07-CV-4730, 2009 WL 1706554, at *2 (S.D.N.Y. June 17, 2009) (internal quotation marks omitted).

Consistent with this guidance, the Court declines to dismiss the Doe defendants at this time.  To be sure, the County defendants have cogently argued that Plaintiff's allegations fail to state a claim against the Doe defendants regardless of their particular identities.  *See* ECF No. 25-1 at 19-20, 23-27; ECF No. 33 at 7-11.  But the Court cannot discern any significant prejudice that would result from its decision to postpone consideration of that issue for a limited period while Plaintiff investigates the identities of John Does 1-10.  Should Plaintiff learn the identities of the Doe defendants, future motion practice will likely be more robust and substantive than it is in the present procedural posture, which will better serve the interests of fairness and judicial economy than would a summary disposition of the claims against the Doe defendants.

Accordingly, the County defendants' request to dismiss the Doe defendants is denied without prejudice.  Plaintiff may conduct limited discovery to ascertain the identities of the Doe defendants.  Such limited discovery will be overseen by Hon. Marian W. Payson, Magistrate Judge, in accordance with the Court's prior referral order,[3] *see* ECF No. 5, and the County

---

[3] The Court notes that "[g]enerally, John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  The Court takes no position on any issues related to any applicable statute of limitations.  To the extent Plaintiff believes expedited discovery is necessary, he may direct his application to Magistrate Judge Payson.

defendants shall remain in this litigation for the "the sole purpose of enabling this discovery." *J.S. v. T'Kach*, No. 11-CV-103, 2014 WL 4100589, at *11 (S.D.N.Y. Aug. 20, 2014).

## CONCLUSION

For the reasons stated herein, the County defendants' motion to dismiss (ECF No. 25) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE. All claims against the Ontario County Sheriff's Office, Sheriff Kevin M. Henderson, and Christian H. Smith are dismissed with prejudice. Prior to determining the sufficiency of the amended complaint with respect to the claims against the Doe defendants, the Court will permit Plaintiff to conduct limited discovery to ascertain the identities of the Doe defendants. The parties are directed to contact Magistrate Judge Payson's chambers in order to set a timetable for the limited discovery.

IT IS SO ORDERED.

Dated: May 16, 2022
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York